UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


TAB INDUSTRIES, INC.                                                                                       PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:08CV453-LTS-RHW

NATIONWIDE MUTUAL INSURANCE COMPANY                                                 DEFENDANT

## ORDER

There are several motions before the Court in this cause of action. This order addresses Defendant Nationwide Mutual Insurance Company's (Nationwide) [61] Motion for Summary Judgment, and two motions filed by Nationwide related to its motion for summary judgment: [55] Motion to Strike Expert Report and Testimony of Michael McDonald and [59] Motion to Strike the Expert Report and Testimony of Peter Quave.

Plaintiff's [1] Complaint alleges several theories of recovery against Nationwide arising from the damage caused by Hurricane Katrina to Plaintiff's commercial premises located at 3719 Ingalls Avenue in Pascagoula, Mississippi. Nationwide's motion for summary judgment aims at those dealing with coverage or additional payment under the building coverage provided in the insurance policy issued to Plaintiff; coverage or additional payment under the personal property coverage of the policy; the claim for breach of fiduciary duty (which Plaintiff confesses); any claim for fraudulent misrepresentation; and any claim for punitive damages.

Plaintiff and Nationwide have provided the Court with an enormous amount of material in support of and opposition to the [61] motion for summary judgment–indeed, far more than necessary (e.g., duplicates of the lengthy insurance policy). The most informative is probably the claim activity file compiled prior to litigation. The materials and arguments submitted by the parties illustrate Fed. R. Civ. P. 56's contemplation of a case not being fully adjudicated on the motion and that all the relief asked for may not be granted. This case is also an excellent example of summary judgment serving as an important tool in formulating and simplifying the issues, as well as facilitating the just, speedy, and inexpensive disposition of the action. *See* Fed. R. Civ. P. 16. It is with these concepts in mind that the Court considers Nationwide's dispositive motion and the motions aimed at so-called insurance experts.

Before addressing the crux of Plaintiff's claims, the Court can dispense with the fraud issue in short order. Plaintiff offers little more on its fraud theory than that it is premature for the Court to rule. Plaintiff's [1] Complaint is so general and conclusory that it does not satisfy the heightened pleading standard for fraud required by Fed. R. Civ. P. 9(b), and the factual basis for recovery appears to rest on Nationwide's corporate slogan. Indeed, Plaintiff is correct that

1

summary judgment is a fact-intensive exercise, but once

> a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Plaintiff not only fails to "set forth specific facts showing that there is a genuine issue for trial" on fraudulent misrepresentation, it also does not even address its legal elements. Plaintiff has presented nothing meaningful to show that it relied to its detriment on representations at the time it procured the policy, *see generally Leonard v. Nationwide Mutual Insurance Co.*, 483 F. Supp. 3d 684 (S.D. Miss. 2006), *aff'd*, 499 F.3d 419 (5th Cir. 2007), *cert. denied*, 2008 WL77718 (2008), or on any after the claim was made. Plaintiff has not been prevented from seeking additional policy benefits. *See generally McIntosh v. State Farm Fire and Casualty Co.*, No. 1:06cv1080 (docket entry [1185]). While delay of payment of benefits may be actionable, as discussed *infra,* a slogan is not the basis for fraudulent misrepresentation, and the facts of this case do not otherwise support a claim for fraud. Summary judgment is appropriate on this aspect of Plaintiff's cause of action, *id.*, as well as on the confessed breach of fiduciary proposition.

Nationwide's motion for summary judgment is primarily aimed at Plaintiff's claims for benefits under the coverages provided by the insurance policy and for punitive damages. There is no dispute that Nationwide paid Plaintiff for its building loss in excess of the amount of coverage available under the policy. Payments for this damage were made beginning in September 2005, and ending in early February 2006. The majority of the building loss was paid before the end of 2005. Nationwide paid a total of $196,603.64, exceeding the limits of $187,400 by $9,023.64.

Plaintiff, which maintained a flood policy with $55,000 limits on its structure and $0 for contents, does not attempt to suggest that it is entitled to additional policy proceeds under the building coverage, nor does it maintain that punitive damages are appropriate with respect to the handling of the structure claim. The Court's independent review of the record indicates nothing improper in this regard; therefore, Nationwide is entitled to partial summary judgment.

For the purposes of summary judgment, the same does not hold true on the contents claim. Plaintiff, which is an industrial supply business, believes that all its inventory and personal property were damaged solely by wind and wind-driven rain entering the building through a breached roof prior to the arrival of rising water. Plaintiff relies in part on an eyewitness account from the owner of the Brass Monkey Tavern, located across the street from Plaintiff's premises, that winds dislodged the roof from the structure allowing water to enter the interior.

Nationwide, on the other hand, emphasizes that its policy contains anti-concurrent causation language that allows it to partially deny coverage for contents. In essence, Nationwide drew a three foot waterline in the Plaintiff's building and eventually paid $118,670.61 in July 2006, for the contents located above that line.

It is true that this Court has held previously that a legitimate reliance by an insurance company on the interpretation it gives to its insurance policy is not alone sufficient to give rise to the consideration of punitive damages. By the same token, however, the parties should understand that the Court intends to apply the anti-concurrent cause language consistent with the decisions in *Dickinson v. Nationwide Mutual Fire Insurance Co.*, No. 1:06cv198 (docket entries [145] and [150]).

The real tension in the record involves the manner in which Plaintiff's claim was handled and the time it took for any payment to be made by Nationwide for the contents loss. Nationwide is entitled to explain and justify its conduct and delay through lay witnesses, but it is not for the Court to weigh the evidence, to draw adverse inferences from it, or to evaluate the credibility of witnesses, but to consider the evidence submitted by the parties in support of and in opposition to the motion and grant all reasonable inferences to the non-moving party, in this instance the Plaintiff. In other words, that evidence and those inferences drawn from it are viewed in the light most favorable to the non-moving party. The parties should understand that this does not mean, in the final analysis, that the jury will be given a punitive damages instruction. *See* Miss. Code Ann. § 11-1-65.

The facts giving rise to this dispute cannot be considered in a vacuum. This cause of action is between Plaintiff and Nationwide arising under a contractual relationship, with Nationwide owing obligations to Plaintiff, including the implied duty of good faith and fair dealing, and the legal responsibility to promptly and fairly evaluate its claims and respond appropriately. At this point, it cannot be said that Nationwide is entitled to judgment as a matter of law with respect to Plaintiff's contents loss.

Nationwide seeks to exclude the testimony of Michael McDonald, a retired state court judge from Kentucky, and Peter Quave, a claims consultant. Judge McDonald, who has no specific expertise in Mississippi law, offers his opinion on the ambiguity of the anti-concurrent causation clause in Nationwide's insurance contract, as well as the delay in paying the contents/inventory claim. Mr. Quave's testimony deals with claims practices.

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles

3

and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Judge McDonald's testimony described instances in other cases in which he did not testify at trial as an insurance/legal expert because the nature of the case did not call for the need of expert testimony. Put another way, there was nothing that a jury could not handle by ordinary testimony.

On numerous occasions, this Court has excluded testimony and evidence that constitutes a legal conclusion and invades the province of the Court in instructing the jury. Independent expert testimony, whether on Plaintiff's or Nationwide's behalf, concerning the interpretation of policy provisions and the manner in which the claim was handled is not appropriate. While these experts may have knowledge, skill, experience, training, or education, even without their testimony the Court and the jury are capable of assessing the facts and law of each particular case, and they do not need assistance in understanding the evidence or determining a fact in issue. The Court has read the decisions cited by Plaintiff (*Shoemake v. Rental Service Corp., et al.*, No. 1:06cv426 (docket entry [223]), and *WMS Industries, Inc. v. Federal Insurance Co.*, No. 1:06cv977 (docket entry [142])), and finds that they do not warrant a different result than the one reached here.

Finally, the Court is not in a position to decide as a matter of law Plaintiff's claims for policy benefits for debris removal, freight, and restocking. These subjects will be revisited at trial.

Accordingly, **IT IS ORDERED**:

Nationwide's [61] Motion for Summary Judgment is **GRANTED IN PART** (as to claims based on fraud, fiduciary duty, and payments for loss to the structure) **AND DENIED IN PART** (as to liability for payments for loss to the contents (and punitive damages in connection therewith) and as to liability for debris removal, freight, and restocking) ;

Nationwide's [55] Motion to Strike the Expert Report and Testimony of Michael McDonald is **GRANTED**;

Nationwide's [59] Motion to Strike the Expert Report and Testimony of Peter Quave is **GRANTED.**

**SO ORDERED** this the 6th day of July, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE